IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNNY ENGLISH,                      )
                                     )
         Petitioner,                 )
                                     )
    v.                               )    No. 11 C 737
                                     )
GERARDO ACEVEDO, Warden              )
                                     )
         Respondent.                 )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Johnny English's (English) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court grants the motion to dismiss.

## BACKGROUND

English was charged with shooting two individuals during a robbery, killing one of the victims. English was convicted in a bench trial in state court of first degree murder and attempted first degree murder, and was sentenced to 70 years in

1

prison for the murder and 30 years in prison for the attempted murder. English appealed the conviction, and on February 19, 1999, the Illinois Appellate Court affirmed the conviction. English filed a petition for leave to appeal to the Illinois Supreme Court (PLA), which was denied on June 2, 1999.

On December 1, 1999, English filed a *pro se* post-conviction petition (First Post-Conviction Petition), and English's counsel then filed a post-conviction petition (Second Post-Conviction Petition). Both post-conviction petitions were denied by the trial court on January 7, 2002. *People v. English*, 933 N.E.2d 366, 372 (Ill. App. Ct. 2010). English then filed an appeal, and on March 19, 2004, the Illinois Appellate Court affirmed the trial court. English filed a PLA, which was denied on October 6, 2004.

On February 8, 2005, English filed a third post-conviction petition (Third Post-Conviction Petition). The State moved to dismiss the Third Post-Conviction Petition as successive. The trial court granted the motion to dismiss in part, but found that part of the Third Post-Conviction Petition was not entirely successive. *English*, 933 N.E.2d at 373-74. After conducting an evidentiary hearing, the trial court denied the Third Post-Conviction Petition. English then filed an appeal, and on July 9, 2010, the Illinois Appellate Court affirmed the trial court in part and reversed the trial court in part, finding that the entire Third Post-Conviction Petition was an

improper successive petition. *English*, 933 N.E.2d at 378 (holding that the "defendant [w]as unable to establish the requisite cause to file a successive postconviction petition"). English filed a PLA, which was denied on November 24, 2010. English then filed the Petition in this case in an envelope postmarked on January 28, 2011. Respondent now moves to dismiss the Petition as untimely.

**LEGAL STANDARD**

The statute of limitations for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d), which states the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**DISCUSSION**

Since English is proceeding *pro se*, the court has liberally construed English's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*").

I. Timeliness of Petition

Respondent argues that the Petition is not timely. English's conviction became final ninety days after the PLA on direct appeal was denied on June 2, 1999. 28 U.S.C. § 2244(d)(1)(stating that "[t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Therefore, the statute of limitations began to run on August 31, 1999, and absent tolling, the one-year statute of limitations period would have expired on August 31, 2000. English did not file Petition in this case until January of 2011.

Even when taking into consideration certain time periods after the conviction

became final during which the statute of limitations was properly tolled, the Petition is untimely. Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). English filed his First Post-Conviction Petition on December 1, 1999, which tolled the limitations period. However, at that point, the limitations period had already run for approximately 92 days after August 31, 1999, when the conviction became final. The PLA was denied for the First Post-Conviction Petition and Second Post-Conviction Petition on October 6, 2004, and the limitations period ran for approximately 124 more days until the Third Post-Conviction Petition was filed on February 8, 2005.

The Illinois Appellate Court held that the Third Post-Conviction Petition was an improper successive petition, and it thus did not toll the statute of limitations period. *Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009)(stating that "the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted"); *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000)(stating that "an unsuccessful application in state court for leave to file a second or successive collateral attack does not toll the time to commence a collateral attack in federal

court"). Thus, the limitations period actually continued to run between February 8, 2005, when the Third Post-Conviction Petition was filed, until the filing of the Petition in this case in January 2011, and therefore the Petition is not timely.

Further, even if the limitations period were tolled when the Third Post-Conviction was filed on February 8, 2005, the tolling would have ended when the Illinois Appellate Court concluded on July 9, 2010 that the Third Post-Conviction Petition was an improper successive petition. After July 9, 2010, the limitations period then would have run for approximately 200 more un-tolled days before English filed the Petition in this case in late January 2011. Thus, even if the limitations period was tolled when the Third Post-Conviction Petition was pending, over 400 un-tolled days would have still run before English filed the Petition. Based on the above, the Petition is not timely.

II. Equitable Tolling Doctrines

English argues that the statute of limitations should have been tolled based on the equitable tolling doctrines. However, English has not shown any extraordinary circumstances that prevented English filing the Petition in a timely fashion or from discovering that he had a potential claim in time to file the Petition within the limitations period. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451-52 (7th

Cir. 1990)(explaining equitable tolling doctrines). Although English argues that he was diligent in pursuing his remedies in state court, he has not shown any extraordinary circumstances that warrant the equitable tolling of time when he was pursuing state court remedies. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)(stating that "[e]quitable tolling may apply to cases on collateral review, but only when it does not conflict with the strictures of 28 U.S.C. § 2244(d)" and that "[e]quitable tolling is rarely granted"). Nor has English shown that he was diligent in pursuing habeas relief in federal court.

English also argues that the statute of limitations should have been tolled because, according to English, he was actually innocent. (Ans. Mot. 3). However, English has not pointed to sufficient evidence that would indicate that he is actually innocent. In addition, the Seventh Circuit has held that actual innocence is not a basis to equitably toll a statute of limitations. *See, e.g., Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005)(stating that "[a]ctual innocence without a newly discovered claim does nothing at all"). English has not shown that the statute of limitations should have been tolled based on the equitable tolling doctrines. Therefore, based on the above, Respondent's motion to dismiss is granted.

In addition, the court notes that even if the Petition were timely, English has not pointed to any decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## CONCLUSION

Based on the foregoing analysis, Respondent's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 20, 2012