# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 737 | **DATE** | 7/23/2012 |
| **CASE TITLE** | Johnny English (K-55015) vs. Gerardo Acevedo | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's request for a certificate of appealability is denied.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

     This matter is before the court on Petitioner Johnny English's (English) request for a certificate of appealability. On March 20, 2012, this court granted Respondent's motion to dismiss English's petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. On May 1, 2012, the court denied English's motion to reconsider. On June 13, 2012, English filed a notice of appeal, which operates as a request for a certificate of appealability. *See West v. Schneiter*, 485 F.3d 393, 394-95 (7th Cir. 2007)(stating that "[a] notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application"). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, English has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has English shown that reasonable jurists

**STATEMENT**

could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. As indicated in the court's prior rulings, the Petition was untimely and the equitable tolling doctrines are not applicable in this case. In addition, even if the Petition were timely, it lacks any merit. Therefore, the request for a certificate of appealability is denied.